UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIUMPH M. LLC )<br>)<br>        Plaintiff, )<br>)<br>  v. )<br>)<br>DOUG BENC, et al., )<br>)<br>        Defendants. )<br>)<br>_____ ) | Case No.: 1:12-cv-01874 - AWI - JLT<br><br>ORDER REMANDING THE MATTER TO KERN COUNTY SUPERIOR COURT<br>(Doc. 1)<br><br>ORDER FINDING THE MOTION TO PROCEED IN FORMA PAUPERIS MOOT<br>(Doc. 2) |

      Doug Benc and Kimberly Benc seek removal of an unlawful detainer action filed in Kern County Superior Court. (Doc. 1 at 5-9) For the following reasons, the action is **REMANDED** to Kern County Superior Court.

**1.    Factual and Procedural History**

      On June 6, 2012, Plaintiff commenced an unlawful detainer action against Doug and Kimberly Benc. (Doc. 1 at 5-9) In the complaint, Plaintiff alleges that it owns the property located at 540 Harris Drive in Shafter, California. Id. at 7. Plaintiff contends that it purchased the property on May 15, 2012 at a trustee's sale following a foreclosure action. Id. at 8. On May 15, 2012, Plaintiff claims it served Defendants a "Three Day Notice to Quit," but Defendants have failed to do so. Id. Plaintiff claimed that it was entitled to damages in the amount of $30 per day since May 19, 2012 and for immediate possession of the property. Id.

On November 15, 2012, Defendants filed their notice of removal. (Doc. 1 at 1-2) In it, Defendants claim this Court has jurisdiction because "it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b)." Id. at 2. In particular, Defendants complain that the Plaintiff's notice to quit failed to comply with The Protecting Tenants at Foreclosure Act. Id.

For the reasons set forth below, the Court **ORDERS** the matter **REMANDED** to the Kern County Superior Court.

## II.  Removal Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. *Id.* at § 1446(b). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). If there is any doubt as to the right of removal, "federal jurisdiction must be rejected." *Duncan*, 76 F.3d at 1485.

The district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003) (noting a distinction between procedural and jurisdictional defects and holding that a "district court *must* remand if it lacks jurisdiction").

Consequently, the Sixth Circuit explained that a court "can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995).

### III.   Discussion and Analysis

The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Although Defendants argue the complaint could have been filed in federal court, review of the complaint makes clear that this is not accurate. The only cause of action identified in the complaint is for unlawful detainer. (Doc. 1 at 7-8) An unlawful detainer action does not arise under federal law, but arises instead under state law. *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"); *Deutsche Bank Nat'l Trust Co v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law"). Thus, because the only claim appearing on the face of the complaint is unlawful detainer, Plaintiff has not raised a claim that invokes federal subject matter jurisdiction.

Nevertheless, Defendants seek to invoke federal jurisdiction because they claim Plaintiff has violated the Protecting Tenants at Foreclosure Act of 2009 by giving a defective notice to vacate the premises. (Doc. 1 at 2). However, claims regarding the Protecting Tenants at Foreclosure Act "are best characterized as defenses or potential counterclaims; neither of which are considered in evaluating whether a federal question appears on the face of a plaintiff's complaint. *First Northern Bank of Dixon v. Hatanaka*, , 2011 U.S. Dist. LEXIS 145066, at *11-12 (E.D. Cal. Dec.16, 2011) (citing *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009)). Moreover, "federal district courts have held that the

Protecting Tenants at Foreclosure Act does not create a federal private right of action." *Aurora Loan Servs., LLC v. Montoya*, 2011 U.S. Dist. LEXIS 129905, at *7, n. 3 (E.D. Cal., Nov. 9, 2011). Accordingly, the Court does not have jurisdiction over the action based upon Defendant's claim that Plaintiff violated the Protecting Tenants at Foreclosure Act.

### IV.     Conclusion and Order

As discussed above, Plaintiffs have failed to demonstrate removal of the action is appropriate. Because the Court does not have subject matter jurisdiction over the action for unlawful detainer, the matter must be remanded. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); *see also Kelton Arms Condo. Homeowners Ass'n*, 346 F.3d at 1192-93 ("district court *must* remand if it lacks jurisdiction").

In addition, because the lacks jurisdiction in this matter and orders it remanded to the state court, the Court finds Defendants' motion to proceed in forma pauperis (Doc. 2), is **MOOT**.

Accordingly, **IT IS HEREBY ORDERED**:

1. The matter is **REMANDED** to the Superior Court of Kern County;
2. The motion to proceed in forma pauperis (Doc. 2), is **MOOT**;
3. The Clerk of Court **is DIRECTED** to close this matter, because this Order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **November 19, 2012**            **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE

4